IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Walker D. Miller

Civil Action No.   05-cv-02613-WDM-MEH

EUGENIO NAVARRO, JR.,

     Applicant,

v.

RON LEYBA, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

     Respondents.

## ORDER ON RECOMMENDATION OF MAGISTRATE JUDGE

Miller, J.

This case is before me on the recommendation of Magistrate Judge Michael E. Hegarty (doc no 27) that Applicant's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (doc no 5) be dismissed with prejudice. Applicant filed an objection to the recommendation and therefore is entitled to *de novo* review.  28 U.S.C. § 636(b).  For the reasons set forth below, I accept Magistrate Judge Hegarty's recommendation.

Applicant was convicted in state court for sale of a Schedule II controlled substance and conspiracy to sell a Schedule II controlled substance.  On direct appeal, the conspiracy conviction was vacated.  Applicant filed post-conviction motion in state court and a previous federal habeas petition, which was dismissed without prejudice.  Applicant filed his application *pro se*, asserting seven claims of error. I have reviewed the pertinent portions of the record in this case, including the application, Respondents answer, the

traverse, the supplemental briefing submitted by Applicant, the recommendation, and Applicant's objections.

Magistrate Judge Hegarty recommended that the application be dismissed because: (1) the entire petition is untimely; (2) all but Claims One, Two, and Four were not exhausted in the state courts and are procedurally barred; (3) the exhausted claims fail on the merits. Plaintiff filed an objection, but did not provide any evidence or argument to show why his petition should not be dismissed because it was filed after the statute of limitations established by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). He does not contest Magistrate Judge Hegarty's calculations of the amount of time that elapsed before the petition was filed or make any argument for equitable tolling. Accordingly, I accept this portion of Magistrate Judge Hegarty's recommendation and conclude that it is a sufficient basis to dismiss the application.

I also accept Magistrate Judge Hegarty's recommendation that Claims Three (ineffective assistance of counsel), Five (equal protection), Six (denial of right to confront witnesses at sentencing), and Seven (violation of Fourth Amendment) are unexhausted and are procedurally barred. In his objections, Applicant essentially repeats the same arguments and allegations concerning these claims, particularly his claim of ineffective assistance of counsel, which aggregates most of his other claims. He also states in a conclusory fashion that he did exhaust his claims and that he is "actually innocent," such that his barred claims should be considered. The United States Supreme Court has made clear that prisoners asserting innocence as a gateway to defaulted claims must establish that, in light of new evidence, "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 327

(1995). Applicant has presented no new evidence and has not otherwise shown that his defaulted claims are not barred.

I also agree with Magistrate Judge Hegarty that Applicant's three remaining claims, Claim One (application of the Wharton rule), Claim Two (sufficiency of the evidence), and Claim Four (error in sentencing under *Apprendi v. New Jersey*, 530 U.S. 466 (2000)) fail on the merits. In his objection, Applicant again basically repeats his previous arguments and does not demonstrate error.

Finally, Applicant objects to the treatment of a previous pleading he filed in this action. He contends that the court erred in construing his pleading entitled "Motion Supplemental Assist. Of Counsel" (doc no 24) as a motion for appointment of counsel. He contends that in fact it was a supplement to his petition, offering further argument in support of his claim of ineffective trial and appellate counsel. I have reviewed the supplemental pleading and conclude that it does not demonstrate any error in the recommendation.

Accordingly, it is ordered:

1. The recommendation of Magistrate Judge Hegarty (doc no. 27) is accepted. This matter is dismissed with prejudice.

    DATED at Denver, Colorado, on October 4, 2007.

                                        BY THE COURT:


                                        s/ Walker D. Miller
                                        United States District Judge